UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| STEVE E. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. _____ |
| v. | ) | |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | Removed from the Circuit Court for |
| COMPANY OF AMERICA, | ) | Campbell County, Tennessee |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

("Prudential"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files

this Notice of Removal with respect to the above captioned case, which was filed and currently is

pending in the Circuit Court for Campbell County, Tennessee, Civil Action No. 7CH1-2016-CV-

2. In support of their Notice of Removal, Prudential state as follows:

## I.    TIMELINESS AND BACKGROUND

1.    On January 7, 2016, Steve E. Morgan ("Plaintiff") filed the original action against

Prudential in the Circuit Court for Campbell County, Tennessee. The lawsuit is recorded on that

court's docket as Case No. 7CH1-2016-CV-2.

2.    Prudential was served with a copy of the complaint on January 13, 2016. Pursuant

to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint, which

constitute "all summons, pleadings, and orders" served upon Prudential in the state court action,

is attached hereto as Exhibit A.

3.     In the Complaint, Plaintiff alleges he is self-employed and a member of the American Institute of Certified Public Accountants ("AICPA"). (Compl. ¶¶ 5, 6.)  Plaintiff further alleges that he is seeking benefits from a long-term disability insurance policy that was issued by Prudential and purchased through his membership in the AICPA. (Compl. ¶ 6.)

4.     In his Complaint, Plaintiff seeks damages occasioned by Prudential's alleged breach of contract, treble damages under the Tennessee Consumer Protection Act, the statutory penalty provided for in Tennessee Code Annotated Section 56-7-105, costs, and any other damages that he may be entitled to under Tennessee law. (Compl. ¶ 24.)

## II.     THIS CASE IS REMOVABLE BASED UPON DIVERSITY JURISDICTION

5.     Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the Defendant to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6.     Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States." 28 U.S.C. § 1332(a).

7.     In this case, both the "diversity" and "amount in controversy" requirements are met.

### A.     The Parties Are Diverse

8.     Plaintiff is a citizen of the State of Tennessee and resides in Campbell County Tennessee. (Compl. ¶ 1)

9.  Section 1332 defines corporate citizenship as follows: "[f]or the purposes of this section and section 1441 of this title . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c).

10.  Prudential is incorporated under the laws of the State of New Jersey and has its principal place of business in the State of New Jersey. Thus, Prudential is a citizen of a state other than Tennessee. *See* 28 U.S.C. § 1332(c)(1).

11.  Because Plaintiff is a citizen of a different state than Defendant, this case is "between citizens of different states." 28 U.S.C. §§ 1332(a), (c).

**B.  The Amount In Controversy Exceeds $75,000**

12.  Plaintiff alleges that "Defendant denied Plaintiff's long term disability claim" (Compl. ¶ 14), that "Defendant's denial of Plaintiff's claim constitutes a breach of contract" (Compl. ¶ 21), and seeks to recover "Damages occasioned by Defendant's breach of contract." (Compl., ¶ 24.)  Although Plaintiff does not state a monetary amount in his Complaint, Plaintiff's long term disability insurance provided for payments of $3,000 a month. *See* Plaintiff's Claim Form, *attached hereto as* Exhibit B.  Plaintiff became disabled on September 1, 2014 (Compl. ¶ 11) and eligibility under the policy would have begun on December 1, 2014. Plaintiff then filed this action on January 6, 2016.  Therefore Plaintiff's alleged past-due benefits are $3000 for 13 months, or $39,000.

13.  Plaintiff also seeks "Treble damages under the Tennessee Consumer Protection Act." (Compl. ¶ 24.)  The Sixth Circuit allows the trebling of damages to be included in determining the amount in controversy for purposes of diversity jurisdiction. *Rosen v. Chrysler Corp.*, 205 F.3d 918, 922 (6th Cir. 2000); *Collins v. Mountain Laurel Assur. Co.*, No. 3:10-CV-451, 2011 WL 1196804, at *2 (E.D. Tenn. March 29, 2011); *Wallace v. Ocwen Loan Servicing,*

3

*LLC*, No. 3-11-00810, 2011 WL 5023425, at *1 (M.D. Tenn. Oct. 16, 2011) (allowing treble damages granted by the Tennessee Consumer Protection Act to be included in determining the amount in controversy for purposes of diversity jurisdiction).

14.     The Tennessee Consumer Protection Act specifically states that "[i]f the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained[.]" Tenn. Code Ann. § 47–18–109(a)(3) (2013).  Therefore, a trebling of damages alone could potentially exceed the $75,000 threshold for the amount in controversy.[1] *See Rosen*, 205 F.3d at 922.

15.     Plaintiff also seeks "the statutory penalty provided for in Tennessee Code Annotated Section 56-7-105" (Compl. ¶ 24), which is a penalty of an additional 25% of the benefits to be paid by an insurer who refuses to pay insurance benefits in bad faith.[2] Tenn. Code. Ann. § 56-7-105(a) (2013).

16.     As Plaintiff seeks $39,000 in damages equal to past-due benefits, treble damages, and a 25% penalty payment, pursuant to 28 U.S.C. § 1446(c)(2)(a), Prudential asserts that the amount in controversy exceeds the requisite $75,000 threshold for diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

17.     Based on the foregoing, this Court has diversity jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1332(a), (c).

18.     This action is removable to this Court. 28 U.S.C. § 1441(a), (b).

---

[1] Three times the $39,000 in damages equals $117,000.

[2] Twenty-five percent of $39,000 equals $9,750.

4

**III. REMOVAL IS WARRANTED AS PRUDENTIAL'S REMOVAL PAPERS ARE TIMELY FILED.**

19.     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it has been submitted within thirty (30) days of Prudential being served with the Complaint on January 13, 2016.

20.     Written notice of the filing of this Notice of Removal has been given to Plaintiff together with a copy of the Notice of Removal, and has been filed with the Circuit Court Clerk, Campbell County, Tennessee, as required by 28 U.S.C. § 1446(d), and is attached hereto as Exhibit C.

21.     Prudential submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

22.     Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow Prudential to file a motion asking this Court to certify any remand order for interlocutory review by the Sixth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

23.     Prudential also respectfully reserves all arguments regarding the proper calculation, including consideration of offsets and other applicable limitations under the relevant policy.

WHEREFORE, Prudential removes the above-referenced civil action to the United States District Court for the Eastern District of Tennessee, Knoxville Division.

5

**Dated: February 9, 2016**            Respectfully submitted,

 

**THE PRUDENTIAL INSURANCE COMPANY
OF AMERICA**

By /s/ Cyrus L. Booker                   
    One of its Attorneys

Cyrus L. Booker
CBooker@bookerlegal.com
Booker Legal Group, P.C.
205 Powell Place, Suite 314
Brentwood, TN 37027
Telephone: 615-815-1634
Facsimile: 615-301-6500

*Counsel for Defendant The Prudential
Insurance Company of America*

## CERTIFICATE OF SERVICE

I do hereby certify that on February 9, 2016, I electronically filed the foregoing NOTICE

OF REMOVAL using the Court's CM/ECF method, and will also send notification of such filing

via email and U.S. Mail to the following:

> John P. Dreiser
> Law Offices of Farmer & Dreiser
> 1356 Papermill Pointe Way.
> Knoxville, TN 37909
> *Counsel for Plaintiff*

By: /s/ Cyrus L. Booker
Attorney for Defendant, The Prudential
Insurance Company of America