# DEFENDANT'S COPY

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

| | |
|---|---|
| **STEVE E. MORGAN**, a citizen and resident ) of Campbell County, Tennessee, ) <br> ) <br> Plaintiff ) <br> ) <br> V. ) <br> ) <br> **THE PRUDENTIAL INSURANCE** ) <br> **COMPANY OF AMERICA**, ) <br> ) <br> Defendant. ) | No.: *7CH1-2016-CV-2* |

## SUMMONS

To Defendant:  THE PRUDENTIAL INSURANCE COMPANY OF AMERICA
c/o Tennessee Commissioner of Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243

You are hereby summoned and required to serve upon John P. Dreiser, Plaintiff's attorney, whose address is 1356 Papermill Pointe Way, Knoxville, Tennessee 37909, an answer to the Complaint herewith served upon you within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this *7* day of December, 2015.

_Dennis Potter_
CLERK

_Joann Heatherly-Pittman_
DEPUTY CLERK

### NOTICE

To the Defendant(s):

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

ADA
FOR ASSISTANCE CALL
423-562-2526

## SERVICE INFORMATION

**To the process server: The Defendant may be served through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.**

## RETURN

I received this summons on the _____ day of _____, 2015.

I hereby certify and return that on the _____ day of _____, 2015, I served this summons and a complaint on Defendant in the following manner: _____

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____
Process Server

I, Dennis Potter, Clerk & Master of Campbell County, do hereby certify that the foregoing is a true and perfect copy of *Complaint, Plaintiff's First Interrogatories Propounded to Defendant, Plaintiff's First Request for Admission to Defendant, Plaintiff's Request for Production of Documents Propounded to Defendant, & Summons*
As same appears of record in my office and that I am the official custodian of this record.

Witness my hand and official seal at office this the 7th day of *January*, 2016

Clerk & Master *Dennis Potter*
*By: D.P.*

## IN THE CHANCERY COURT FOR CAMPBELL COUNTY, TENNESSEE

|  |  |
|---|---|
| **STEVE E. MORGAN**, a citizen and resident ) of Campbell County, Tennessee, )<br><br>       Plaintiff )<br> )<br>V. )<br> )<br>**THE PRUDENTIAL INSURANCE** )<br>**COMPANY OF AMERICA**, )<br> )<br>       Defendant. ) | No.: 7 CH1 -<br>2016 -<br>CV- 2 |

## COMPLAINT

Comes now the Plaintiff, Steve E. Morgan (hereinafter referred to as "Plaintiff"), by and through counsel, and for cause of action would state as follows:

### JURISDICTION AND VENUE

1.   Plaintiff is a citizen and resident of Campbell County, Tennessee.

2.   Upon information and belief, the Defendant, The Prudential Insurance Company of America ("Prudential"), is an insurance company headquartered in Newark, NJ, but with places of business throughout Tennessee. The Defendant may be served with process through the Tennessee Commissioner of Insurance, 500 James Robertson Parkway, Nashville, TN 37243. At all material times Defendant, Prudential, acted by and through its agents, servants and/or employees who, in turn, were acting within the course and/or scope of their agency or employment.

3.     Plaintiff's cause of action arises out of unfair and deceptive representations made by the Defendant to the Plaintiff related to a long term disability insurance policy, and a wrongful denial of Plaintiff's claim, which denial was made in bad faith.

4.     This Court has jurisdiction to hear this claim and venue is proper in this Court, as the acts and circumstances complained of herein took place in the jurisdiction embraced by this judicial district.

## FACTS

5.     Plaintiff was a self-employed Certified Public Accountant (CPA) with a business located in Campbell County, Tennessee.

6.     As a CPA, Plaintiff belonged to the The American Institute of CPAs (AICPA).

6.     As a member of the AICPA, Plaintiff was afforded the opportunity to purchase a disability insurance policy and life insurance policy with disability waiver of premiums.

7.     The long term disability policy issued by Defendant Prudential bore the number GZ-14273.

8.     The Defendant represented to the Plaintiff the Policy afforded coverage for certain conditions, including but not limited to long term disability and waiver of premiums of the life insurance.

9.     In reliance upon Defendants' representations, Plaintiff enrolled in the Policy.

10.     At all times material, Plaintiff was afforded coverage by the Policy.

11.     On or about September 1, 2014, Plaintiff became disabled as that term is defined in the Policy due to multiple sclerosis.

12. Plaintiff has also been declared "disabled" as that term is understood under the rules and regulations of the Social Security Administration.

13. Plaintiff made application with the Defendant under the Policy for long term disability benefits.

14 The Defendant denied Plaintiff's long term disability claim by letter dated October 6, 2014 despite evidence from Plaintiff's treating physician that Plaintiff could not perform the essential duties of a CPA.

15. The Plaintiff appealed the Defendant's denial and provided additional medical and vocational evidence, including the finding of the Social Security Administration that he was disabled, supporting his position that he could not perform the essential duties of his own occupation.

16. The Defendant again denied Plaintiff's claim on April 17, 2015.

17. On June 23, 2015, the Plaintiff again appealed the Defendant's denial of his claim and provided further supporting evidence that he could not perform his own occupation.\

18. On October 9, 2015, the Defendant again denied Plaintiff's claim for benefits.

19. Said denial was made in bad faith pursuant to Tennessee Code Annotated Section 56-7-105 in that:

    (a)    Plaintiff's claim was due and payable;

    (b)    Plaintiff made formal demand for payment of her claim;

    (c)    Plaintiff has waited more than 60 days since her demand prior to filing this lawsuit; and

    (d)    Defendant's denial was made in bad faith.

20.     Defendant also violated the Tennessee Consumer Protection Act in that it violated the terms of the Policy, and represented to Plaintiff that the Policy provided coverage of certain conditions, including long term disability, but that Defendant now takes the position that the Policy does not provide coverage for long term disability.  These representations by the Defendant were made willfully and with the intent to deceive the Plaintiff, and did in fact mislead and deceive the Plaintiff.  These actions and representations constitute an unfair and deceptive practice under the Tennessee Consumer Protection Act, codified at Tennessee Code Annotated Section 47-18-101, et seq.

21.     Defendant's denial of Plaintiff's claim constitutes a breach of contract in that the Policy was at all times an effective contractual device between the parties, Plaintiff adhered to his obligations under the contract, and Defendant failed to abide by its duties and obligations under the contract.

22.     As a result of the above enumerated actions and breaches, Defendant has caused the Plaintiff damages.

23.     As a result of the above enumerated actions and breaches, Plaintiff institutes this lawsuit against Defendant for:

        (a)     Breach of contract;

        (b)     Violation of the Tennessee Consumer Protection Act; and

        (c)     Violation of Tennessee's Bad Faith Statute.

24.     Plaintiff prays that this Court award his damages including:

        (a)     Damages occasioned by Defendant's breach of contract;

        (b)     Treble damages under the Tennessee Consumer Protection Act;

(c)     The statutory penalty provided for in Tennessee Code Annotated Section

56-7-105;

(d)     The costs of this action; and

(e)     Any and all other damages that Plaintiff is entitled to under Tennessee

law.

Respectfully submitted, this _____ day of January, 2016.


                                        **STEVE E. MORGAN**

                                        By:

                                        John P. Dreiser (BPR # 020743)
                                        Attorney for Plaintiff
                                        1356 Papermill Pointe Way
                                        Knoxville, TN  37909
                                        (865) 584-1211